```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                                         :   20 CR 179-14
              -v-                        :      (DLC)
                                         :
IKECHUKWU ELENDU,                        :   MEMORANDUM
                    Defendant.           :   OPINION AND
                                         :     ORDER
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On January 5, 2024, Ikechukwu Elendu moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines.  That motion is denied.

## BACKGROUND

On August 6, 2021, Elendu pleaded guilty to conspiracy to commit bank fraud under 18 U.S.C. § 1349, pursuant to a plea agreement with the Government.  Elendu had participated in the conspiracy in two ways.  First, he opened at least five bank accounts in the names of entities that were intended to mimic the names of real companies with which he was not affiliated.  Elendu used those accounts to receive over $590,000 in funds generated by fraud.  The fraudulent schemes were business email compromise frauds and romance schemes.  Second, Elendu laundered over $2.5 million attained by fraud through other accounts.

These activities occurred during 2018 and 2019.  In July 2019, the FBI approached Elendu and gave him a "money mule"

letter. The letter informed him that he was involved in money laundering and demanded that he stop. Elendu's money laundering activity dropped off sharply after he received the letter, but it did not cease. In addition, Elendu engaged in a loan fraud in 2020, prior to his arrest.

The defendant's Sentencing Guidelines range was 33 to 41 months' imprisonment, based on an offense level of 20 and criminal history category of I. The Probation Department recommended a sentence of 33 months' imprisonment; the defendant sought a sentence of probation, and the Government requested a sentence within the Sentencing Guidelines range. The Government argued that the defendant's activity was comparable to that of two codefendants, each of whom received a 41-month sentence. Elendu was one of fourteen members of a conspiracy who were indicted. Defense counsel argued that the defendant was less culpable than the two identified codefendants and that there were mitigating factors calling for a variance.

On December 3, 2021, Elendu was sentenced principally to a term of 41 months' imprisonment, to be followed by a term of supervised release of three years. The Court explained that the defendant's conduct was prolonged, significant, intentional and serious. It had continued even after he was warned by the FBI.

The Court also explained how it had weighed the § 3553(a) factors.

On December 7, 2023, the Probation Department determined that the defendant appeared to be eligible for an adjustment of his Sentencing Guidelines range based on Amendment 821 to the Sentencing Guidelines. On January 5, 2024, defense counsel moved for a reduction of sentence pursuant to Amendment 821. On January 9, the Government responded. The parties agree that the defendant is eligible for a sentence reduction under Amendment 821, and that his Guidelines range is now calculated as 27 to 33 months based on an offense level of 18 and a criminal history category of I. Defense counsel requests a reduction to 27 months. The Government does not object to a reduction to 33 months. Elendu is scheduled to be released from custody on August 13, 2024.

## DISCUSSION

A judgment of conviction is ordinarily final. Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that

modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillon v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.G. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).

Even when a defendant is eligible for a reduction, "a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)."  United States v. Brooks, 891 F.3d 432, 436 (addressing a denial to reduce a sentence pursuant to Amendment 782.)  In deciding whether to reduce a sentence, a court should consider "how it would have sentenced" the defendant if the newly-calculated Guidelines range had been

in effect at the time of the original sentence. Id. at 437. If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence. Id.

Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range" except in specific circumstances not relevant here. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021). A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding. Dillon, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Among other changes, Amendment 821 modified the calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.G. § 4C1.1. It provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors. Those aggravating factors include that the defendant did not personally cause substantial financial hardship. U.S.S.G. § 4C1.1(a)(6). Amendment 821 was

informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower recidivism rates" than other offenders, including those with one criminal history point. The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the Amendment. U.S.S.G. App. C, Amendment 821, Reason for Amendment.

The applicable policy statement in the Sentencing Guidelines states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range so long as the amendment is retroactive, see U.S.S.G. § 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines range. Id. § 1B1.10(a)(2)(B). It requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether to reduce the sentence and the extent of the reduction. Id. § 1B1.10, Application Note 1(B)(i)-(ii). A court may also consider a defendant's post-sentencing conduct. Id. § 1B1.10, Application Note 1(B)(iii).

It appears that Elendu is eligible for a sentence reduction. His new Guidelines range is correctly calculated as 27 to 33 months. It is assumed for purposes of this Opinion that his offense did not involve any of the aggravating factors that would prevent a reduction of his sentence. That is, it is assumed that his money laundering activity as a member of a conspiracy that defrauded individuals and businesses would not disqualify him since he did not "personally cause" substantial financial hardship to the victims of the fraud in which he participated. The sentence he received was at the top of his then-Sentencing Guidelines range of 33 to 41 months' imprisonment.

A reduction of Elendu's sentence is not warranted. His criminal activity was extensive and involved significant sums of money. He continued his fraudulent activities even after he was warned by the FBI. The sentence was imposed after hearing arguments from counsel about the sentences imposed on two of his co-defendants. Thus, the sentence was calibrated to provide a reasonable sentence for him in consideration of the § 3553(a) factors and to avoid unwarranted disparities. Each of these factors continues to weigh against a reduction of his sentence.

It is difficult to know whether the Court would have departed upward to impose a sentence of 41 months' imprisonment had the defendant's Sentencing Guidelines range been originally calculated as 27 to 33 months' imprisonment.  When the defendant entered his plea of guilty here, he did so pursuant to a plea agreement that included a waiver of appeal rights so long as the sentence imposed did not exceed 41 months' imprisonment.  That agreement was weighed by the Court in imposing sentence.  Thus, while this Court imposed a sentence at the top of the Guidelines range, because of the waiver in the plea agreement it only briefly considered whether to vary the sentence upward.  If the Guidelines range had been calculated at 27 to 33 months, the Court would have spent more time considering an upward variance, even if the plea had been entered pursuant to an agreement that included an appeal waiver capped at 33 months' imprisonment.

A sentence of 41 months' imprisonment is warranted here despite the impact of Amendment 821 on the Guidelines calculation.  As explained at the sentencing proceeding, Elendu's conduct was egregious and there was a significant need for individual deterrence.  Although many defendants with zero criminal history points may be unlikely to recidivate, unfortunately Elendu demonstrated that he is not one of them.

He continued his engagement with fraud even after he was warned by the FBI to stop.

There is another, independent reason not to resentence Elendu. Elendu's role in the conspiracy and the need to avoid unwarranted disparities also counsel against a change in his sentence. The Court imposed sentence on Elendu and eleven of his coconspirators.[1] The Court imposed a sentence on each defendant that reflected their personal histories as well as their roles in the offense, weighing in each instance the § 3553(a) factors. The sentences ranged from the top to the middle to the bottom of the individuals' Guidelines ranges, and some of the sentences varied below the Guidelines range. One defendant, with a Guidelines range above Elendu's, received a sentence of probation. Thus, any reconsideration of Elendu's sentence also runs a risk of creating unwarranted disparities.

---

[1] Two of the codefendants had their charges dismissed and one is a fugitive.

## Conclusion

Elendu's January 5, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 is denied.

Dated:    New York, New York
          February 6, 2024

                                    _____
                                    DENISE COTE
                                    United States District Judge